FLANNIGAN v. RYAN.

(Supreme Court, Appellate Division, Second Department.  December 30, 1903.)

1. INJURY TO EMPLOYÉ—DEFECTIVE SCAFFOLD—INSTRUCTIONS.
　　Plaintiff sued for injuries sustained, owing to the breaking of a scaffold.  The jury were instructed, in effect, that the scaffold came within Laws 1897, p. 467, c. 415, § 19, requiring all scaffolding to be so constructed as to bear four times the maximum weight to be placed thereon.  Defendant's counsel objected to that part of the charge that the scaffold was within the requirements of such section, and the court submitted the question to the jury as one of fact, with instruction that if it was found to be a stationary or swinging scaffold, within the meaning of such section, the margin of safety applied to it, whereupon the counsel for plaintiff excepted to such question being left to the jury, and was about to "ask your honor to charge that it was not—" when the court interrupted, saying, "I will charge it if you think you want it," and defendant excepted.  Plaintiff then requested the charge that it was defendant's duty to see that the scaffold would bear at least four times the weight put thereon, to which the court said, "I will leave it as I have charged it."  Held, that the jury must have understood that the whole subject was left to their consideration, in accordance with the main charge.

Appeal from Trial Term, Kings County.

Action by John Flannigan against Patrick Ryan, individually and as surviving partner of the firm of Shanly & Ryan.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

H. Snowden Marshall, for appellant.

Jonathan Deyo, for respondent.

HIRSCHBERG, J. The plaintiff was injured while working for the defendant in the construction of the anchorage pier of the new Williamsburgh Bridge on the Manhattan side of the East river. He was on a scaffolding at the time, which was suspended 80 feet in the air, and which broke while in ordinary use, causing him to fall the entire 80 feet to the ground. There was evidence which tended to indicate that adequate care had not been exercised by the defendant in furnishing safe material for the construction of the scaffolding, the case was fully and fairly presented to the jury by the learned trial justice, and the verdict appears to be amply supported in the features which are essential to the maintenance of this class of cases.

The learned counsel for the appellant contends, however, that the learned trial justice erred in charging the jury, as matter of law, that the scaffold in question was not in compliance with the requirements of the labor law (chapter 415, p. 461, Laws 1897). We do not deem it necessary to determine whether or not the scaffold did obviously, and as matter of law, fail to comply with the provisions of that law, inasmuch as the question was left to the jury to determine, and the learned trial justice did not, according to the record, make the charge which is criticised. In the main charge the jury was instructed, in effect, that the scaffold came within the provisions of the nineteenth section (page 467) of the labor law, supra, requiring all swinging and stationary scaffolding to be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use. The case had been tried, without objection by the defendant, upon the theory that the law required the scaffold in question to be so constructed as to sustain four times the utmost weight intended to be placed on it, and evidence of its sustaining power had been given on behalf of each party. It was in fact undisputed that the side of the scaffold toward the pier was supported by masonry, while the outer edge or side was swung from hooks or hangers suspended from an immense traveler above. On exception being taken by defendant's counsel to that part of the charge which instructed the jury that the scaffold was one which required the statutory margin of safety in its construction, the learned court submitted the question of the nature of the scaffold for the determination of the jury as one of fact, with the instruction that if it was found to be a "stationary or swinging scaffolding," within the meaning of section 19 of the law, the margin of safety applied to it. Thereafter the learned counsel for the plaintiff excepted to the court leaving it to the jury to say whether or not the scaffold did comply with the statute, and was about to "ask your honor to charge that it was not—" something, when the court interrupted with the remark, "I will charge it if you think you want it," to which no response was made by the plaintiff's counsel, and the defendant excepted. Had the matter ended here, it might, perhaps, be said that the effect upon the jury was the same as though the plaintiff's request had been distinctly charged; but another and final request was then made by the plaintiff for a charge that it was the defendant's duty to see that the scaffold would bear at least four times the weight intended to be imposed on it, etc., to which the court replied, "I will leave it as I

charged it." We think the jury must have understood from this what the court certainly intended—that the whole subject was left to their consideration in accordance with the main charge—and that they could not have been misled by the colloquy between court and counsel as to what the one would have charged, had the other wanted it. It is true that the defendant's counsel excepted at the close of the colloquy, but he also excepted to the final refusal of the court to charge that it was his client's duty to see to it that the scaffolding would bear four times the weight intended to be placed on it, so that no special significance can be attached to the circumstance of the exception.

The result seems a just one. The plaintiff probably might have rested his case, under the statute, upon the mere proof of the breaking, leaving to the defendant the task of exculpation; and as the main ground of error assigned is not presented in the record with that clearness which would alone justify interference, even assuming that legal error is involved, the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.